UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAMON GONZALEZ-LEYVA,

    Petitioner,

v.

WARDEN, FCI FORT DIX,

    Respondent.

Civil Action
No. 23-2715 (CPO)

OPINION

**O'HEARN, District Judge.**

    Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

### I.    BACKGROUND

    This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's earned time credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq.* Petitioner contends that he has earned an unspecified number of credits, towards early transfer to supervised release. (ECF No. 1, at 6–7; ECF No. 1-2.)

    He alleges that the BOP refused to apply those credits and declared him ineligible, because of an immigration detainer lodged against him. (ECF No. 1-2, ¶¶ 5–6.) In her Answer, Respondent maintains that the detainer policy is not the reason for Petitioner's ineligibility. (ECF No. 7, at 12–13.) Instead, Respondent alleges that Petitioner is ineligible because he is serving a sentence for a disqualifying conviction, "unlawful reentry after removal . . . in violation of 8 U.S.C. § 1326(a) and (b)(2)." (*Id.* at 13; ECF No. 7-1, ¶ 10.) More specifically, in April of 2015, Petitioner was sentenced to a 50-month term of imprisonment for unlawful reentry in violation of 8 U.S.C. §

1326(a) and (b)(2) in the district court for the Western District of Texas, and in October of 2016, the same court sentenced him to a 151-month term of imprisonment for "conspiracy with intent to distribute controlled substances in violation of 21 U.S.C. § 846." (ECF No. 7-1, ¶ 10 (cleaned up)). The BOP aggregated those sentences into "one term of 13 years and 5 months." (*Id.*; *see also* ECF No. 7-1, at 13.)

It appears that Petitioner did not challenge his eligibility directly with the BOP, choosing instead to initiate this habeas action. (ECF No. 1, at 2–3; ECF No. 1-1; ECF No. 7-1, ¶ 6.) Petitioner filed the instant Petition in May of 2023, (ECF No. 1), Respondent filed an Answer opposing relief, (ECF No. 7), and Petitioner did not file a reply.

## II.     STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

The Court must address the issue of jurisdiction as it appears that Petitioner lacks standing to bring the Petition. *E.g.*, *Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (explaining that standing is jurisdictional and describing the court's obligation to raise the issue *sua sponte*).

Pursuant to Article III of the Constitution, this Court may only exercise jurisdiction to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "Thus, federal courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). As the party invoking federal jurisdiction, the petitioner bears the burden of establishing standing. *Id.*; *see generally Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (explaining that "standing is a jurisdictional matter"). To establish standing, a petitioner must show (1) "that he [or she] suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "that the injury was likely caused by the [respondent];" and (3) "that the injury would likely be redressed by judicial relief." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). For there to be an injury in fact, the harm must be "actual or imminent, not conjectural or hypothetical." *Patel v. Allstate New Jersey Ins. Co.*, 648 F. App'x 258, 261 (3d Cir. 2016). If the petitioner has not suffered an injury that "the court can remedy, there is no case or controversy for the federal court to resolve." *See TransUnion*, 594 U.S. at 423 (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)); *Patel*, 648 F. App'x at 261.

Here, Petitioner argues that the BOP refused to apply FSA credits and declared him ineligible, because of an immigration detainer lodged against him. (ECF No. 1-2, at 1–3.) As

discussed above, Respondent contends that the detainer policy is not why Petitioner is ineligible. (ECF No. 7, at 12–13.)  Instead, Respondent alleges that Petitioner is ineligible because he is serving a sentence for a disqualifying offense, "unlawful reentry after removal . . . in violation in violation of 8 U.S.C. § 1326(a) and (b)(2)." (*Id*. at 13; ECF No. 7-1, ¶ 10). *See generally* 18 U.S.C. § 3632(d)(4)(D) (listing types of offenses that render a prisoner "ineligible to receive [FSA] time credits . . . if the prisoner is serving a sentence for [such] conviction").

Petitioner's conviction under 8 U.S.C. § 1326(b)(2) is indeed a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lix) (disqualifying convictions under "Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section").  As a result, even assuming *arguendo*, the Petitioner's assertion as to the BOP's reason for his ineligibility, it appears that such policy could have had no effect on Petitioner as he is nonetheless disqualified as a matter of law.  Petitioner had the opportunity to dispute these allegations and respond to these arguments, but he did not file a reply.

In light of the above, the Court finds that Petitioner has failed to meet his burden to show that the detainer policy caused him "an injury in fact." *TransUnion*, 594 U.S. at 423.  Similarly, he has failed to show that his ineligibility is redressable through judicial relief, as declaring the detainer policy or its application unlawful would have no effect on Petitioner as he is nevertheless disqualified as a matter of law.  To proceed in this case would be to ask the Court to assume a hypothetical set of facts where the detainer policy affects Petitioner.  As Petitioner has failed to establish standing, there is no live controversy for the Court to adjudicate. *See id*.; *Patel*, 648 F. App'x at 261.  Accordingly, the Court lacks jurisdiction to hear the Petition. *See Wayne*, 959 F.3d at 574.

## IV.   CONCLUSION

For the reasons above, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: April 11, 2025

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**